1  HILL WYNNE TROOP & MEISINGER
   C. DENNIS LOOMIS
2  ROBERT J. LENT
   DANIEL J. O'BRIEN
3  10940 Wilshire Boulevard
   Los Angeles, California  90024
4  Telephone:  (213) 824-7000

5  Attorneys for Plaintiffs

ORIGINAL

         UNITED STATES DISTRICT COURT

         CENTRAL DISTRICT OF CALIFORNIA

11  UNITED ARTISTS PICTURES, INC.;       ) CASE NO.
    COLUMBIA PICTURES INDUSTRIES, INC.;  )
12  WARNER BROS., INC.; THE WALT DISNEY  ) 90 3012 WJR(Cx)
    COMPANY; TWENTIETH CENTURY FOX FILM  )
13  CORPORATION; UNIVERSAL CITY STUDIOS, )
    INC.; ORION PICTURES CORPORATION;    ) EX PARTE APPLICATION FOR
14  PARAMOUNT PICTURES CORPORATION;      ) ORDER TO FILE COMPLAINT
    METRO-GOLDWYN-MAYER PICTURES, INC.;  ) AND OTHER PLEADINGS UNDER
15  TRI-STAR PICTURES, INC.; ATLANTIC    ) SEAL; DECLARATION OF
    VIDEO CO. INC.; IMPERIAL             ) DANIEL J. O'BRIEN IN
16  ENTERTAINMENT CORP.; INTERNATIONAL   ) SUPPORT THEREOF
    VIDEO ENTERTAINMENT, INC.; MEX-      )
17  AMERICAN HOME VIDEO CORPORATION.;    )
    MEXCINEMA VIDEO CORP.; MILLION DOLLAR)
18  VIDEO CORP.; NEW WORLD PICTURES,     )
    INC.; REPUBLIC PICTURES CORPORATION; )
19  VESTRON, INC.; GULF TRADERS INC. T/A )
    VIDEO SOUND; and RCA/COLUMBIA        )
20  PICTURES HOME VIDEO,                 )
                                         )
21            Plaintiffs,                )
                                         )
22       vs.                             )
                                         )
23  MOON SIL CHOI and MYUNG HO CHOI, dba )
    VIDEO Q,                             )
24                                       )
              Defendants.                )
25  _____)

26

27       Plaintiffs hereby apply ex parte to this Court for an

28  Order permitting the filing under seal of a Complaint, Ex Parte

027-3122



Application for (i) Order to Show Cause Re: Preliminary Injunction; (ii) Temporary Restraining Order; (iii) Order for Seizure; (iv) Waiver of Notice; and (v) Order of Special Appointment to Serve Process, and all supporting papers (collectively, the "Application"), and of this Ex Parte Application, such filing to be accomplished under seal so as to prevent public disclosure at this time of the identities of the defendants or the claims asserted in the Complaint and the Application.

This application for filing under seal is made upon the ground that there is a reasonable possibility that if the allegations of the Complaint and/or the Application are made public at this time, the infringing articles which are being unlawfully manufactured, produced, and/or distributed by the defendants in the United States in violation of Plaintiffs' exclusive rights under the copyright and trademark laws will be destroyed, secreted, or otherwise disposed of before Plaintiffs can obtain and enforce the Temporary Restraining Order and Order for Seizure which they will seek contemporaneously with the filing of the Complaint.

This application for filing under seal is based upon the Complaint, the Declaration of Daniel J. O'Brien, the Application, and upon such argument as may be permitted.

DATED: 6/5, 1990

HILL WYNNE TROOP & MEISINGER
C. DENNIS LOOMIS
ROBERT J. LENT
DANIEL J. O'BRIEN

By: /s/ Daniel J. O'Brien
Attorneys for Plaintiffs

027-3122                                  2

Decl. of
Daniel J. O'Brien

DECLARATION OF DANIEL J. O'BRIEN

Daniel J. O'Brien hereby declares and states as follows:

1. I am a member of the Bar of this Court and an attorney with the firm of Hill Wynne Troop & Meisinger, attorneys for Plaintiffs in this action. I make this declaration in support of Plaintiffs' Ex Parte Application for an Order permitting the initial pleadings in this copyright infringement action to be filed under seal (the "Application for Sealing"). (Plaintiffs are concurrently filing an Ex Parte application for seizure and other interlocutory relief, in connection with which Plaintiffs have requested an order that the requirement of notice of those Ex Parte applications be waived, as authorized by Local Rule 7.18.2.) I know the following of my own personal knowledge and could testify competently thereto if called upon to do so.

2. Plaintiffs seek the above-described relief on an Ex Parte basis because they will be severely prejudiced if Defendants learn of the filing of this action as a result of publicity which may ensue if the file is not ordered to be temporarily sealed. The videocassettes, which embody Defendants' unlawful duplications of Plaintiffs' copyrighted motion pictures and which Defendants are unlawfully distributing (the "unauthorized videocassettes"), are small, lightweight and easily transportable. Additionally, videocassette recorders, by means of which the unauthorized videocassettes are produced, are also relatively lightweight and easily transportable.

///

3

3. Moreover, persons who manufacture, distribute, sell or rent unauthorized videocassettes generally are well aware of the unlawful nature of their activities. As a result, upon learning that a Complaint has been filed, the first action usually taken by parties (such as Defendants) that engage in acts of copyright infringement is to hide or destroy their unauthorized videocassettes and the equipment for the production thereof or move their unlawful operation to another location, possibly under a new name. Under these circumstances, unless the Order applied for herein is granted on an _ex parte_ basis, meaningful relief for Plaintiffs will be impossible. Therefore, it is appropriate and necessary, in the interests of justice, that the file be temporarily sealed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of June, 1990, at Los Angeles, California.

Daniel J. O'Brien

4