```
 1  HILL WYNNE TROOP & MEISINGER
    C. DENNIS LOOMIS
 2  ROBERT J. LENT
    DANIEL J. O'BRIEN
 3  10940 Wilshire Boulevard
    Los Angeles, California 90024
 4  Telephone: (213) 824-7000
 5  Attorneys for Plaintiffs
```



ORIGINAL

FILED
JUL 16 1990
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION PICTURES CORPORATION; PARAMOUNT PICTURES CORPORATION; METRO-GOLDWYN-MAYER PICTURES, INC.; TRI-STAR PICTURES, INC.; UNITED ARTISTS PICTURES, INC.; COLUMBIA PICTURES INDUSTRIES, INC.; WARNER BROS., INC.; THE WALT DISNEY COMPANY; TWENTIETH CENTURY FOX FILM CORPORATION; UNIVERSAL CITY STUDIOS, INC.; ATLANTIC VIDEO CO. INC.; IMPERIAL ENTERTAINMENT, CORP.; INTERNATIONAL VIDEO ENTERTAINMENT INC.; MEX-AMERICAN HOME VIDEO CORPORATION; MEXCINEMA VIDEO CORP.; MILLION DOLLAR VIDEO CORP.; NEW WORLD PICTURES, INC.; REPUBLIC PICTURES CORPORATION; VESTRON, INC.; GULF TRADERS INC. T/A VIDEO SOUND; and RCA/COLUMBIA PICTURES HOME VIDEO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>PHUNG DINH PHAN, dba VIDEO ON,<br><br>    Defendant. | CASE NO.<br><br>90 3011 KN<br><br>ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; TEMPORARY RESTRAINING ORDER; ORDER FOR SEIZURE; ORDER WAIVING NOTICE; AND ORDER FOR SPECIAL APPOINTMENT TO SERVE PROCESS |

This matter having come before the Court on the <u>Ex Parte</u> Application of plaintiffs Orion Pictures Corporation, Paramount Pictures Corporation, Metro-Goldwyn-Mayer Pictures,

027-3112



Inc., Tri-Star Pictures, Inc., United Artists Pictures, Inc., Columbia Pictures Industries, Inc., Warner Bros., Inc., The Walt Disney Company, Twentieth Century Fox Film Corporation, Universal City Studios, Inc., Atlantic Video Co., Inc., Imperial Entertainment, Corp., International Video Entertainment Inc., Mex-American Home Video Corporation, MexCinema Video Corp., Million Dollar Video Corp., New World Pictures, Inc., Republic Pictures Corporation, Vestron, Inc., Gulf Traders Inc. T/A Video Sound, and RCA/Columbia Pictures Home Video, (collectively "Plaintiffs"), for (i) Order to Show Cause Re Preliminary Injunction, (ii) Temporary Restraining Order, (iii) Order for Seizure, (iv) Waiver of Notice, and (v) Order for Special Appointment to Serve Process (collectively, the Application");

AND, the Court having read the Complaint, the declarations and memorandum of points and authorities filed in support of the Application, and having considered the arguments presented by Plaintiffs;

AND, good cause appearing, the Court having found that the supporting declarations show that immediate and irreparable injury, loss and damage will result to Plaintiffs in the absence of the requested Orders and that it is impractical to give Defendant notice as such Defendant would dispose of, transport, or otherwise secrete the infringing copies, materials and equipment if he were given such notice; it is

ORDERED, that defendant Phung Dinh Phan ("Defendant"), doing business as "Video On," show cause before a Judge of this Court, at the U.S. Courthouse, 312 North Spring Street, Los Angeles, California on July 25, 1990 at 1:30 p.m. or

027-3112                                         2

as soon thereafter as counsel may be heard, why Plaintiffs' Motion for Preliminary Injunction should not be granted and an Order entered:

    1.  Enjoining Defendant, his officers, agents, employees, attorneys, and those acting in concert or conspiracy with him, during the pendency of this action from:

    (a)  infringing Plaintiffs' rights under copyright in the motion pictures to which Plaintiffs are owners of exclusive rights under the respective copyrights in such motion pictures, including those identified in Exhibit A to the Complaint on file herein (the motion pictures identified in Exhibit A to the Complaint being referred to hereinafter as "the Subject Motion Pictures");

    (b)  manufacturing, copying, duplicating, selling, renting, marketing, leasing, distributing or otherwise disposing of any unauthorized videocassette copies of the Subject Motion Pictures or of any other motion pictures to which Plaintiffs are owners of exclusive rights under the respective copyrights in such motion pictures;

    (c)  using the titles of the Subject Motion Pictures, or of any other motion pictures to which Plaintiffs are owners of exclusive rights under the respective copyrights in such motion pictures, or the trademarks, trade names or logos of any of Plaintiffs, on or in connection with unauthorized videocassettes in a manner which is likely to cause confusion as to source, or otherwise likely to cause confusion, mistake or deception in connection with the lawful distribution, advertising, promotion, sale, rentals, and other lawful exploitation of autho-

rized videocassettes of the Subject Motion Pictures or of any other motion pictures to which Plaintiffs are owners of exclusive rights under the respective copyrights in such motion pictures;

    2.    Authorizing and instructing the United States Marshal and such other person or persons as the Court may specially appoint to seize, impound and maintain in a designated place during the pendency of this action (i) all infringing videocassette copies of the Subject Motion Pictures and of any other motion pictures to which Plaintiffs are owners of exclusive rights under the respective copyrights in such motion pictures, and (ii) all devices used for manufacturing infringing video-cassette copies of such motion pictures or any portions thereof;

    3.    Ordering Defendant to make all reasonable efforts to retrieve from Defendant's customers all infringing video-cassettes rented or leased by him to such customers, and to deliver such retrieved videocassettes to the U.S. Marshal or other person designated by the Court to be impounded and maintained in a designated place during the pendency of this action;

ORDERED, that pending a hearing in determination of the instant motion, Defendant, his officers, agents, employees, attorneys and all those acting in concert or conspiracy with him, are temporarily restrained and enjoined from:

    1.    Infringing the Plaintiffs' rights under copyright in the Subject Motion Pictures and any other motion pictures to which Plaintiffs are owners of exclusive rights under the respective copyrights in such motion pictures, by manufacturing, copying, duplicating, selling, renting, marketing, leasing, distributing or otherwise disposing of any unauthorized videocassette

copies of the Subject Motion Pictures or of any other motion pictures to which Plaintiffs are owners of exclusive rights under the respective copyrights in such motion pictures;

  2. Destroying, removing, secreting, modifying, disposing of, or in any other manner changing, altering, dismantling or rendering unavailable for seizure or impoundment:

   (a) any infringing videocassettes, or any authorized videocassettes which have been used to manufacture infringing videocassettes, which videocassettes embody the Subject Motion Pictures or any other motion pictures to which Plaintiffs are owners of exclusive rights under the respective copyrights in such motion pictures; or

   (b) any devices used for manufacturing, copying or duplicating such videocassettes;

  3. Destroying, removing, secreting, disposing of, or in any manner altering or rendering unavailable for discovery original records or copies thereof in Defendant's possession or control which reflect or refer to:

   (a) the manufacturing, copying or duplication by Defendant of the Subject Motion Pictures or any other motion pictures to which Plaintiffs are owners of exclusive rights under the respective copyrights in such motion pictures, or;

   (b) the persons or entities who have received from Defendant or from anyone acting in concert with him, by purchase or otherwise, any videocassettes, or portions thereof, which infringe Plaintiffs' exclusive rights under copyright in Subject Motion Pictures or any other motion pictures to which

///

1 Plaintiffs are owners of exclusive rights under the respective
2 copyrights in such motion pictures;
3     4.  Using the titles of the Subject Motion Pictures or
4 of any other motion pictures to which Plaintiffs are owners of
5 exclusive rights under the respective copyrights in such motion
6 pictures, or the trademarks, trade names or logos of any of
7 Plaintiffs, on or in connection with unauthorized videocassettes,
8 in any manner which is likely to cause confusion as to source, or
9 otherwise likely to cause confusion, mistake or deception in
10 connection with the lawful distribution, advertising, promotion,
11 sale, rental and other lawful exploitation of authorized video-
12 cassettes of the Subject Motion Pictures or of any other motion
13 pictures to which Plaintiffs are owners of exclusive rights under
14 the respective copyrights in such motion pictures; and it is
15 further
16     ORDERED, that the United States Marshal and such other
17 person or persons as the Court may specially appoint are autho-
18 rized and instructed to seize, impound and maintain in a desig-
19 nated place during the pendency of this action, all of the
20 following items which may be found at Defendant's place of busi-
21 ness located at 225 South Tustin Avenue, Orange, California: (i)
22 all infringing videocassette copies and video masters of the
23 Subject Motion Pictures and of any other motion pictures to which
24 Plaintiffs are owners of exclusive rights under the respective
25 copyrights in such motion pictures; (ii) all devices for manufac-
26 turing infringing copies of or performing said motion pictures
27 which are actually being used for duplicating purposes or which
28 are connected and configured for videocassette duplication at the

time of the seizure; and to use such force as may be reasonably necessary in the premises in order to effect the service of all papers and the seizure of the articles specified above; provided that any person specially appointed by the Court to conduct the service and seizure shall be accompanied by a United States Marshal or a State or local law enforcement officer; and it is further

ORDERED, that the bond submitted on behalf of Plaintiffs in the amount of $7,500.00 shall be deemed adequate security for the payment of such costs and damages which may be incurred by Defendant if the relief herein is found to have been improvidently granted; and it is further

ORDERED, that notice or notification of Plaintiff's subject Ex Parte Application is waived pursuant to Local Rule 7.18.2; and it is further

ORDERED, that service of a copy of this Order to Show Cause, together with the underlying papers upon which it was granted, shall be deemed good and sufficient service if made on or before July 20, 1990 upon Defendant, by delivering a copy of same to him at his place of business at 225 South Tustin Avenue, Orange, California, or at such other location as he may be found or, if Defendant cannot be found, to any person of suitable age who at the time of the seizure is in apparent control of Defendant's place of business; and it is further

ORDERED that the Anti-Piracy Office of the Motion Picture Association of America, Inc., and its agents, employees and associates acting under its direction and control, are specially appointed:

   (1) to serve the Summons, Complaint, this Order to Show Cause Re Preliminary Injunction, Order for Seizure, etc., Plaintiffs' supporting Declarations, Memorandum of Points and Authorities and other supporting papers on Defendant; and

   (2) to seize and impound all infringing articles and means for production which are set forth in the Order for Seizure hereinabove which are found at the location specified therein; and it is further

   ORDERED, that this Temporary Restraining Order shall expire at 1:30 P.m. on July 25, 1990, unless it is further extended by Order of this Court; and it is further

   ORDERED, that Defendant's opposition, if any, to Plaintiff's Application for Preliminary Injunction shall be filed and personally served on counsel for Plaintiffs at the address shown above no later than 3:00 P.m., July 24, 1990.

   This Temporary Restraining Order is issued because Plaintiffs have shown that Defendant, his officers, agents, and employees, and those acting in concert or conspiracy with him, unless restrained forthwith, will continue to cause to be manufactured and/or distributed unauthorized videocassette copies which infringe Plaintiffs' copyrights in the Subject Motion Pictures and other motion pictures copyrighted by Plaintiffs, and that the continued infringement of Plaintiffs' copyrights will immediately and irreparably injure Plaintiffs.

   In the event that Defendant wishes to bring any matter to the Court's attention prior to the date now set, Defendant shall notify the Clerk who shall set the matter for hearing at

///

1 | the next available time and Plaintiffs' counsel shall be imme-
2 | diately notified of the date and time set for such hearing.

3 | DATED: July 16, 1990    /s/ Robert J. Kelleher
4 |                          UNITED STATES DISTRICT JUDGE

5 | PRESENTED BY:

6 | HILL WYNNE TROOP & MEISINGER
  | C. DENNIS LOOMIS
7 | ROBERT J. LENT
  | DANIEL J. O'BRIEN
8 |
9 | By: /s/ Daniel J. O'Brien
  |     Daniel J. O'Brien
10|     Attorneys for Plaintiffs